UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-289-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDRE DION WILKERSON | ) | |

This matter is before the Court on Defendant Andre Dion Wilkerson's Motion to Dismiss [D.E. 49]. Defendant contends the Indictment against him in the above-captioned case should be dismissed because he is legally innocent of the charge alleged therein. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

On October 7, 2009, the Grand Jury returned a One Count Indictment charging the Defendant with knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) and 924. Defendant's arraignment is presently calendered for the January, 2011 term of Court.

On September 19, 2010, Defendant filed the instant Motion to Dismiss the Indictment. In his motion, Defendant contends he is legally innocent of the sole charge against him in light recent Supreme Court and Fourth Circuit case law. Defendant's contentions are without merit.

## DISCUSSION

18 U.S.C. § 922(g)(1) provides that it is a violation of federal law for an individual "who

has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm . . . ." 18 U.S.C. § 922(g)(1). To determine what qualifies as a "crime punishable by imprisonment for a term exceeding one year," this Court's analysis begins and ends with *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005). In *Harp*, the Fourth Circuit held that a prior North Carolina criminal conviction qualifies as "a crime punishable by imprisonment for a term exceeding one year" if any defendant charged with that offense could be sentenced to more than one year of imprisonment. *Harp* at 406 F.3d at 246. The *Harp* court specifically declined to apply an individualized analysis, as Defendant urges in his motion before the Court. Instead, the *Harp* court held that to determine whether a prior conviction was a "crime punishable by a prison term exceeding one year . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *Id.* (citing *United States v. Jones*, 195 F.3d 205, 206-08 (4th Cir. 1999)).

Here, under the *Harp* rationale, Defendant's four previous North Carolina felony convictions qualify as crimes punishable by over one year in prison. Under North Carolina's Structured Sentencing law a "hypothetical" defendant with the worst possible criminal history convicted of any of the Defendant's four (4) prior felony convictions (possession with intent to sell and deliver cocaine, possession of a stolen firearm, possession of marijuana, and eluding arrest with a motor vehicle) could be sentenced to an aggravated maximum term of over twelve (12) months' imprisonment. *See* N.C. Gen. St. §§ 15A-1340.17 (c) (4) & (d). This Court is aware of no case that has overruled *Harp*. Consequently, binding Fourth Circuit precedent supports charging the defendant under 18 U.S.C. § 922(g)(1).

2

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is DENIED.

SO ORDERED.

This the _11_ day of January, 2011.

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE